BANCO NACIONAL de CUBA, Plaintiff,

v.

F. Shelton FARR, William F. Prescott, Emmet Whitlock, Lawrence H. Dixon, H. Bartow Farr, Elizabeth C. Prescott, Fabio Freyre and Helen G. Downs, Co-Partners doing business as Farr, Whitlock & Co., Defendants and Third-Party Plaintiffs,

v.

COMPANIA AZUCARERA VERTIEN-TES–CAMAGUEY de CUBA and Lehman Brothers, Third-Party Defendants.

No. 60 Civ. 3929.

United States District Court
S. D. New York.

Nov. 15, 1965.

Rabinowitz & Boudin, New York City, for plaintiff; Victor Rabinowitz, New York City, of counsel.

Baker, Nelson, Williams & Mitchell, New York City, for defendants and third-party plaintiffs; C. Dickerman Williams, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for third-party defendants; Whitney North Seymour, Sr.; Eastman Birkett, John A. Guzzetta, Gerald M. Levin, Joel S. Hoffman, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for the United States, amicus curiae; J. William Doolittle, First Asst., Civ. Div., Dept. of Justice, Eugene R. Anderson, Asst. U. S. Atty. Southern Dist. of New York, Bruna A. Ristau, Carl F. Goodman, Attys., Dept. of Justice, Washington, D. C., of counsel.

Brush & Bloch, New York City, for Cuban cigar manufacturers, amici curiae; Monroe Percy Bloch, Jac M. Wolff, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for Chase Manhattan Bank, amicus curiae; A. Donald Mac-Kinnon, Roy C. Haberkern, Jr., Andrew J. Connick, New York City, of counsel.

John G. Laylin, Washington, D. C., for North American Sugar Industries, Inc., Cuban American Sugar Mills Co., and Cuban-American Mercantile Corp., amici curiae; William H. Allen, William A.

Dobrovir, Covington & Burling, Washington, D. C., of counsel.

Katz & Sommerich, New York City, for Cultural, S. A. and Robert I. Williams, amici curiae; Otto C. Sommerich, Benjamin Busch, New York City, of counsel.

Shearman & Sterling, New York City, for First Nat. City Bank, amicus curiae; Henry Harfield, William Harvey Reeves, New York City, of counsel.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

In my opinion dated July 30, 1965 D.C., 243 F.Supp. 957, I held that the Hickenlooper Amendment included in the Foreign Assistance Act of 1964 (Section 301(d) (4) of the Public Law 88-633, 78 Stat. 1009, 1013, 22 U.S.C. § 2370(e) (2)), applied to the case at bar, now before me on remand from the Supreme Court of the United States.[1]

The Amendment removed the bar of the act of state doctrine as enunciated by the Supreme Court in this case, (Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)), to a determination on the merits as to whether the expropriation by the Castro government of the cargo of sugar involved here violated the principles of international law, unless the President determined and suggested to the court that the application of the doctrine was required by the foreign policy interests of the United States.

Up to the time when the opinion of July 30, 1965 was filed there had been no determination by the President that the application of the act of state doctrine to this case was required by the foreign policy interests of the United States, and no suggestion to that effect had been filed with the court. However, the record was incomplete and unclear as to the position which the President might desire to take on this question.

In order to afford the executive arm full opportunity to make such a determination and to express its view to the court if it so desired, I withheld decision for a period of sixty (60) days as to whether final judgment dismissing the complaint in this action should be entered. Prior to the expiration of that period the court received a letter from the United States Attorney for the Southern District of New York dated September 29, 1965, reading as follows:

"In its decision of July 30, 1965 this Court afforded the Executive Branch the opportunity to file a suggestion indicating whether the application of the act of state doctrine is required by the foreign policy interests of the United States, as provided for in Section 620(e) (2) of the Foreign Assistance Act of 1961, as amended (22 U.S.C. 2370(e) (2)). I am instructed to inform the Court that no determination has been made that application of the act of state doctrine is required in this case by the foreign policy interests of the United States.

"So that there will be no ambiguity, the Court is advised that no such determination is contemplated."

This letter makes it clear that the President will make no suggestion to the court in this case as to the application of the act of state doctrine pursuant to the Hickenlooper Amendment. The court must therefore determine the defendants' motion for judgment dismissing the complaint.

The moving defendants urge that entry of final judgment in their favor is now required by the prior decision of the Court of Appeals in this case, 307 F.2d 845 (1964). In that decision the Court of Appeals affirmed the judgment of the

1. It may be noted that in the Foreign Assistance Act of 1965 (Public Law 89-171, 79 Stat. 653), which became law on September 6, 1965, § 301(d) as it read in the 1964 Act was further amended by striking out the provision to the effect that it did not apply "in any case in which the proceedings are commenced after January 1, 1966."

838

district court dismissing the complaint granted on the defendants' motion for summary judgment. It held that the act of state doctrine did not bar determination on the merits in this case and that the Cuban decree of confiscation on which plaintiff's claim was founded violated international law. It stated (p. 868):

"Since the Cuban decree of expropriation not only failed to provide adequate compensation but also involved a retaliatory purpose and a discrimination against United States nationals, we hold that the decree was in violation of international law."

The court concluded (p. 869):

"[S]ince the Cuban decree violated international law, the appellant's [plaintiff's] title is invalid and the district court was correct in dismissing the complaint."

The reversal of the Court of Appeals decision by the Supreme Court in Banco Nacional de Cuba v. Sabbatino (supra) was on the sole ground that the act of state doctrine proscribed a challenge to the validity of the Cuban expropriation decree even if it violated international law. The Supreme Court did not reach the question of violation of international law passed upon by the Court of Appeals and, indeed, such discussion of international law as there was in its opinion concerned only adequate compensation and not discrimination and retaliation. 376 U.S. at 428–430, 84 S.Ct. at 940–941.

As I have held, application of the act of state doctrine to this case is now barred by the Hickenlooper Amendment since there will be no presidential suggestion to the contrary. The holding of the Supreme Court that the act of state doctrine bars determination on the merits no longer applies.

The Court of Appeals has already determined that absent the bar of the act of state doctrine the Cuban decree in this case on which plaintiff's claim is founded violated international law, that plaintiff's title, therefore, is invalid, and that defendants are entitled to judgment

dismissing the complaint. I am plainly bound by that determination which is decisive of the issue now before me.

Defendants' motion to dismiss the complaint is therefore granted. The dismissal of the complaint necessarily disposes of the claim made by defendants in the third party complaint against the third party defendants Compania Azucarera Vertientes-Camaguey de Cuba and Lehman Brothers, and the motion of the third party defendants to dismiss the third party complaint is also granted.

The motion of the third party defendants to dismiss the plaintiff's complaint may raise additional issues which it is now unnecessary to decide and is therefore denied as moot.

Judgment will be entered accordingly.

It is so ordered.